UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HOMECOMINGS FINANCIAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:08-cv-0455-DFH-WTL |
| | ) |
| ROBERT AND PATRICIA PATTERSON, | ) |
| | ) |
| Defendants. | ) |

ENTRY REMANDING TO STATE COURT

Defendants removed this action on the basis of diversity jurisdiction. They abandoned that basis after the court issued its earlier order to show cause. The incurable problem with the reliance on diversity jurisdiction was that defendants are citizens of Indiana. Defendants who are citizens of the forum state may not remove a case based on diversity jurisdiction. See 28 U.S.C. § 1441(b).

Defendants responded by filing an amended notice of removal asserting federal question jurisdiction. The defendants' reliance on federal question jurisdiction runs into the well-pleaded complaint rule, which requires a remand to state court. See generally *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (summarizing well-pleaded complaint rule and holding that district erred by failing to remand tort action alleging that defendant drug manufacturer acted negligently by, among other things, violating federal Food,

Drug, and Cosmetic Act; tort claim arose under state law even though plaintiffs would rely upon federal law standards to prove negligence). The plaintiff in this case filed a plain vanilla mortgage foreclosure action arising under state law. Plaintiff alleges breach of the promissory note and seeks enforcement of the mortgage's security interest in the real estate.

Defendants assert in their amended notice of removal that they rescinded the mortgage loan transaction because of alleged violations of the federal Truth in Lending Act ("TILA"). Citing 15 U.S.C. § 1635(b), defendants assert that the rescission voids the plaintiff's security interest and other asserted obligations. Plaintiff anticipated this defense and alleged in its complaint that the defendants' rescission notice was invalid under TILA.

Defendants assert that a case arises under federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Amended Notice of Removal ¶ 5, quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006), quoting *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 27-28 (1983). Defendants recognize that federal law does not create the plaintiff's cause of action but assert that the complaint shows that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, the validity of defendants' attempt to rescind under TILA.

In *Phillips Petroleum Co. v. Texaco, Inc.*, the Supreme Court provided a classic statement of the well-pleaded complaint rule:

> This Court has repeatedly held that, in order for a claim to arise 'under the Constitution, laws, or treaties of the United States,' 'a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.' *Gully v. First National Bank in Meridian*, 299 U.S. 109, 112 (1936). The federal questions 'must be disclosed upon the face of the complaint, unaided by the answer.' Moreover, 'the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense.' *Gully, supra*, at 113. See also *Metcalf v. Watertown*, 128 U.S. 586 (1888); *Tennessee v. Union & Planters' Bank*, 152 U.S. 454 (1894); *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908); *Taylor v. Anderson*, 234 U.S. 74 (1914); *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950).

415 U.S. 125, 127-128 (1974).

This rule applies squarely to bar federal question jurisdiction in this case. Plaintiff's well-pleaded complaint arises under state law governing promissory notes and security interests to secure those obligations. The complaint in this case anticipates the TILA defense, but as *Phillips Petroleum* explained, anticipation of a probable federal defense does not transform a state case into a federal one. This case must return to state court because this court lacks subject matter jurisdiction. See *Bennett v. Southwest Airlines Co.*, 484 F.3d 907 (7th Cir. 2007) (reversing and ordering remand of airplane crash litigation to state court and explaining application of the well-pleaded complaint rule).

The foregoing discussion reflects the mainstream of the well-pleaded complaint rule. There is another stream of authority: rare cases in which the Supreme Court has held that federal courts may hear claims arising under state law that "turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers for federal issues." *Grable & Sons Metal Products, Inc. v. Darue Engineering*, 545 U.S. 308, 312 (2005). The Court's opinion in *Grable & Sons* went on to discuss this line of special cases, including *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), in which a corporate shareholder sought to enjoin the corporation from buying bonds issued by the federal government on the theory that the government had no constitutional power to issue the bonds. The Supreme Court held that the claim arose under federal law because the right to relief depended on the construction or application of federal law. 255 U.S. at 199. In *Grable & Sons*, the Supreme Court held that a quiet title action that challenged the validity of a federal tax sale to enforce federal tax liabilities arose under federal law. The validity of the sale, and thus the result of the quiet title action, depended on whether the taxpayer-owner was entitled to personal service of notice of the tax sale, rather than notice by certified mail. 545 U.S. at 315.

The Court in *Grable & Sons* recognized the basic problem posed by the "substantial federal question" branch of "arising under" jurisdiction. If the doctrine were to expand so that "mere need to apply federal law in a state-law claim will suffice to open the 'arising under' door," federal jurisdiction would

-4-

expand so broadly as to disrupt the balance of power and work that Congress has established between federal and state courts. 545 U.S. at 313. The protection against that danger, said the Court, was for lower federal courts to keep an eye on the danger that an exercise of federal jurisdiction would upset the state-federal line drawn by Congress. Shying away from a single and precise test, the Court taught that "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

In the case quoted by defendants here, *Empire Healthchoice*, the Supreme Court firmly rejected the federal government's effort to read *Grable & Sons* broadly, so that subrogation claims by insurers of injured federal employees to obtain money from judgments against or settlements with tortfeasors would become federal cases. The Supreme Court explained that *Grable & Sons* was an example of a "special and small category" of cases because it was evident from the outset that the only issue was a pure issue of federal law that could be resolved once and for all for a broad range of cases. 547 U.S. at 699-701. Because the subrogation and reimbursement claims exemplified by *Empire Healthcare* would be fact-bound and case specific, the Supreme Court declined to open the "arising under" door of *Grable & Sons* any wider. *Id.*; accord, *Bennett v. Southwest Airlines Co.*, 484 F.3d at 910 *(Empire Healthchoice* "squelched" the argument that *Grable & Sons* brings within § 1331 all actions in which federal law may play an important role).

-5-

Recognizing federal jurisdiction in this case, on the basis of a federal Truth in Lending Act defense to a mortgage foreclosure claim, would pose an even more serious risk of upsetting the federal-state balance than was posed by *Empire Healthchoice*, *Bennett*, or *Merrell Dow*. If defendants can remove this mortgage foreclosure action on this basis, then the doors of the federal courts'doors would be newly opened to a huge volume of lawsuits that have always been the bread-and-butter work of state courts. Perhaps not many foreclosure defendants would be in a position to raise a "substantial" defense under TILA, but federal district courts would then be policing the boundaries of their jurisdiction by making preliminary evaluations, at the jurisdictional threshold, of just how much substance there would be in the asserted TILA defenses. The line of "arising under" authority marked by *Grable & Sons* and *Kansas City Title*, among a few other cases, does not extend to this setting.

Accordingly, this action is hereby REMANDED to the Clark Superior Court from which it was removed.[1]

So ordered.

---

[1] Defendants incorrectly removed this action to the Indianapolis Division of this district. The Clark Superior Court is within the New Albany Division. Divisional venue does not affect jurisdiction. Rather than delay matters further by transferring the action to the New Albany Division for inevitable later remand, the court elects to go ahead and remand the case now, without further ado.

-7-

Date: May 8, 2008

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

James McGinnis Boyers
WOODEN & MCLAUGHLIN LLP
jboyers@woodmclaw.com

Christine M. Jackson
cmj@chrisjacksonlaw.com

Jamie A. Young
WOODEN & MCLAUGHLIN LLP
jyoung@woodmaclaw.com